UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH FLORES SANCHEZ,

Plaintiff,

v.

JOHN DOE, JOHN DOE, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, JOHN DOE, JANE DOE, MARGARET GILBERT, JANE 1-3 DOE, DENNIS CHERRY, JOHN DOE CORNWELL,

Defendants.

CASE NO. 3:16-CV-05201-BHS-DWC

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Currently pending in this action is Plaintiff's Motion for Appointment of Counsel ("Motion"). Dkt. 35.[1] No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v.*

[1]This is Plaintiff's second Motion requesting the appointment of counsel. *See* Dkt. 8. The first Motion was denied on April 22, 2016. Dkt. 10. Plaintiff moved for reconsideration of the Order denying his first Motion for Appointment of Counsel. Dkt. 11. The Motion for Reconsideration was denied on May 5, 2016. Dkt. 15.

Also pending before the Court is Defendants' Motion for Summary Judgment, which is ready for the Court's consideration on November 25, 2016. *See* Dkt. 23, 41.

*$292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff states he has no money, home, address, or lawyer, is disabled and therefore should be appointed counsel Dkt. 35. Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court or shown he is likely to succeed on the merits of his case. The Court has ordered Plaintiff's Amended Complaint be served, but has not determined if Plaintiff's constitutional rights were violated. Accordingly, Plaintiff's Motion is denied without prejudice.

Dated this 28th day of October, 2016.

David W. Christel
United States Magistrate Judge