1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

10 | JOSEPH FLORES SANCHEZ,

11 |              Plaintiff,

12 |     v.

13 | JOHN DOE, MARGARET GILBERT,
    JANE 1-3 DOE, DENNIS CHERRY,
14 | MICHAEL CORNWELL,

15 |             Defendants.

CASE NO. 3:16-CV-05201-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: February 10, 2017

16
17
18
19
20

      The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Joseph Flores Sanchez, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action on March 17, 2016.[1] Dkt. 7. Presently pending before the Court is Defendants' Motion for Summary Judgment ("Motion"). Dkt. 23.[2]

21

22
23
24

---

[1] Plaintiff was ordered to file an amended complaint after his Complaint was screened pursuant to 28 U.S.C. § 1915. *See* Dkt. 5, 6. Plaintiff filed the Amended Complaint on April 12, 2016 and the Court ordered service of the Amended Complaint on April 22, 2016. Dkt. 7, 9.

[2] The Motion was filed on behalf Defendants Dennis Cherry, Michael Cornwell, and Margaret Gilbert. Dkt. 23. John/Jane Doe Defendants have not been identified or served in this case. The term "Defendants" in this Report and Recommendation refers to Defendants Cherry, Cornwell, and Gilbert.

1    The Court concludes Plaintiff failed to sufficiently rebut Defendants' summary judgment

2  showing regarding his Eighth and Fourteenth Amendment claims. Accordingly, the Court

3  recommends the Motion be granted. The Court also finds Plaintiff failed to prosecute this case as

4  to the claims alleged against Defendants John/Jane Doe and, therefore, recommends Defendants

5  John/Jane Doe be dismissed.

6                                              **BACKGROUND**

7    Plaintiff, who is currently incarcerated at Grays Harbor County Jail, alleges he was

8  denied the benefit of his earned early release credits when Defendants failed to release him on

9  his earned early release date. *See* Dkt. 7. He states Defendants revoked his early release credits

10  without a hearing in violation of his Eighth and Fourteenth Amendments rights. *Id*.[3]

11    Defendants filed the Motion on June 17, 2016. Dkt. 23.[4] In support of the Motion,

12  Defendants submitted the declarations of non-party Laura Ambrosch and non-party Rebecca

13  Citrak, portions of Plaintiff's prison records, and portions of Plaintiff's judgments and sentences

14  from his criminal proceedings. Dkt. 23-1. Plaintiff filed a Response to the Motion on November

15  29, 2016. Dkt. 46. Plaintiff did not submit any evidence with his Response; however, Plaintiff's

16  Amended Complaint was signed under penalty of perjury and is being considered as evidence.

17  *See* Dkt. 7.[5] Defendants did not file a reply.

18

19

20    [3] In his Response, Plaintiff alleges Defendants violated the Ex Post Facto Clause. *See* Dkt. 37. The Court declines to consider any claims raised for the first time in the Response. *See Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 965 (9th Cir.2006) (finding that a district court need not address allegations raised for the first time in response to a motion for summary judgment if the plaintiff's "pleadings did not provide sufficient notice of those

21  allegations."). Therefore, the Court will not consider Plaintiff's Ex Post Facto claim.
    [4] The Motion was sent to Plaintiff at an address from which the Court received returned mail. *See* Dkt. 23,

22  p. 16; 24, p. 2. As it appeared Plaintiff did not receive notice of the Motion, Defendants were directed to re-serve the Motion by October 28, 2016. Dkt. 36. Defendants reserved the Motion. Dkt. 41. Plaintiff requested an extension of time to respond to the Motion, which was granted, and the Motion became ready for consideration on December 30,

23  2016. Dkt. 43, 47.
    [5] Because Plaintiff is *pro se*, the Court "must consider as evidence in his opposition to summary judgment

24  all of [Plaintiff's] contentions offered in motions and pleadings, where such contentions are based on personal

**STANDARD OF REVIEW**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party asserting a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013) (*citing Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011); *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1263 (9th Cir.1997).

As the party moving for summary judgment, Defendants have the initial burden to demonstrate no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010). The movant "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying those portions of the record, including pleadings, discovery materials, and affidavits, "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Mere disagreement or the bald assertion stating a genuine issue of material fact exists does not preclude summary judgment. *California*

---

knowledge and set forth facts that would be admissible in evidence, and where [Plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

1    *Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th

2    Cir. 1987). A "material" fact is one which is "relevant to an element of a claim or defense and

3    whose existence might affect the outcome of the suit," and the materiality of which is

4    "determined by the substantive law governing the claim." *T.W. Electrical Serv., Inc. v. Pacific*

5    *Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

6    　　　Mere "[d]isputes over irrelevant or unnecessary facts," therefore, "will not preclude a

7    grant of summary judgment." *Id.* Rather, the nonmoving party "must produce at least some

8    'significant probative evidence tending to support the complaint.'" *Id.* (*quoting Anderson*, 477

9    U.S. at 290); *see also California Architectural Building Products, Inc.*, 818 F.2d at 1468 ("No

10   longer can it be argued that any disagreement about a material issue of fact precludes the use of

11   summary judgment."). In other words, the purpose of summary judgment "is not to replace

12   conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."

13   *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990). "If a party fails to properly

14   support an assertion of fact or fails to properly address another party's assertion of fact as

15   required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting

16   materials--including the facts considered undisputed--show that the movant is entitled to it[.]"

17   Fed R. Civ. P. 56(e)(3).

18   **DISCUSSION**

19   　　　In the Motion, Defendants contend Plaintiff failed to demonstrate (1) a Fourteenth

20   Amendment due process violation; and (2) an Eighth Amendment violation. Dkt. 23. The Court

21   agrees and also finds Plaintiff has (3) failed to prosecute this case as to Defendants John/Jane

22   Doe.

23

24

1    **I.    Fourteenth Amendment Claim**

2    Plaintiff alleges his Fourteenth Amendment due process rights were violated when

3    Defendants failed to release Plaintiff on his earned early release date. *See* Dkt. 7. He contends his

4    early release credits were revoked without a hearing. *Id*.

5    Pursuant to the Due Process Clause of the Fourteenth Amendment, "no state shall

6    'deprive any person of life, liberty, or property without due process of law.'" *Toussaint v.*

7    *McCarthy*, 801 F.3d 1080, 1089 (9th Cir. 1986), *overruled on other grounds*, *Sandin v Conner*,

8    515 U.S. 472 (1995). The due process guarantees of the Fourteenth Amendment thus "apply only

9    when a constitutionally protected liberty or property interest is at stake." *Tellis v.Godinez*, 5 F.3d

10   1314, 1316 (9th Cir. 1993). "There is no constitutional or inherent right of a convicted person to

11   be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of*

12   *Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *see also Madsen v.*

13   *Washington*, 2013 WL 1499145, *7 (W.D. Wash. March 13, 2013) ("prisoners have no

14   constitutionally protected liberty interest in an early release"). State statues or regulations,

15   however, may independently create a due process liberty interest. *Kentucky Dep't of Corrections*

16   *v. Thompson*, 490 U.S. 454, 461 (1989).

17   Under Washington law, inmates "may become eligible for supervised community

18   custody in lieu of release." *Chaney v. Lehman*, 225 Fed.Appx. 708, 710 (9th Cir. 2007) (*citing*

19   Wash. Rev. Code ("R.C.W.") § 9.94A.728(2) (2006)). Prior to release to community custody, an

20   eligible inmate is required to "propose a release plan that includes an approved residence and

21   living arrangement." R.C.W. § 9.94A.729(5)(b). The Department of Corrections ("DOC") has

22   statutory authority to deny transfer to community custody status if it "determines an offender's

23   release plan ... may violate the conditions of the sentence or conditions of supervision, place the

24

1    offender at risk to violate the conditions of the sentence, place the offender at risk to reoffend, or

2    present a risk to victim safety or community safety." *Id*. at (5)(c). The statute further states "[t]he

3    department's authority under this section is independent of any court-ordered condition of

4    sentence or statutory provision regarding conditions for community custody or community

5    placement[.]" *Id.*  R.C.W. § 9.942A.7281 expressly states "offenders have no reason to conclude

6    that the maximum percentage of earned release time is an entitlement or creates any liberty

7    interest." Cases confirm the Washington state statute allowing early release to community

8    custody does not create a liberty interest. *See Carver v. Lehman*, 558 F.3d 869, 873 (9th Cir.

9    2009); *Madsen*, 2013 WL 1499145 at *7-8; *In Re Mattson*, 166 Wash.2d 730, 739 (2009).

10            Here, Plaintiff was sentenced to 43 months of incarceration. Dkt. 23-1, p. 8. Plaintiff's

11   earned early release date was February 18, 2015 and his maximum release date was April 29,

12   2016. *Id*. at p. 40. In August of 2014, Plaintiff began transition planning. *See id*. at p. 56.

13   However, because Plaintiff did not have an approved residence, he was not released to

14   community custody. *See id*. at pp. 53- 55. Plaintiff was released from prison on April 29, 2016,

15   his maximum release date. *See id*. at pp. 41-42.

16            The evidence shows Plaintiff began transition planning approximately six months before

17   his early release date. Because he did not have an approved residence, he was denied release to

18   community custody. There is no evidence showing Defendants revoked Plaintiff's early release

19   credits. As Plaintiff does not have liberty interest in early release to community custody, he has

20   not overcome Defendants' summary judgment showing regarding his Fourteenth Amendment

21   claim. *See Chaney*, 225 Fed. Appx. at 710 ("inmates have no clearly established right to a

22   hearing prior to being released to community custody in lieu of earned release time"); *Dailey v.*

23   *Washington*, 2012 WL 380272, *4 (W.D. Wash. Feb. 6, 2012) ("receipt of 'good time' credits

24

1  only enables offenders . . . to timely propose a release address and plan for transfer to community

2  custody"); *Foster v. Washington*, 2011 WL 1692971, *2-3 (W.D. Wash. July 11, 2011) (finding

3  the plaintiff did not have a liberty interest in his "good time" and was not eligible for release

4  because he did not provide a valid release address). Accordingly, the Court recommends the

5  Motion be granted as to Plaintiff's Fourteenth Amendment claim.

6  **II.    Eighth Amendment Claim**

7  Plaintiff alleges his Eighth Amendment right to be free from cruel and unusual

8  punishment was violated when Defendants held him past his early release date. Dkt. 7. The Ninth

9  Circuit has held confining a prisoner past his release date violates the Eighth Amendment.

10 *Haygood v. Younger,* 769 F.2d 1350 (9th Cir.1985). Here, the evidence shows Plaintiff was

11 released on his maximum release date, serving the 43 month sentence. *See* Dkt. 23-1, pp. 41-42.

12 As Plaintiff was not confined past his release date, Plaintiff has not stated an Eighth Amendment

13 violation. Accordingly, the Court recommends the Motion be granted as to Plaintiff's Eighth

14 Amendment claim.

15 **III.   Doe Defendants**

16 On April 1, 2016, the Court screened Plaintiff's Complaint and found he had named

17 several John Doe and Jane Doe defendants in this action. Dkt. 6. Plaintiff was directed to file an

18 amended complaint and instructed to attempt to identify Defendants John/Jane Doe. *Id.* Plaintiff

19 filed an Amended Complaint, but did not identify Defendants John/Jane Doe. *See* Dkt. 7. On

20 September 28, 2016, Plaintiff was again directed to provide the names and addresses of

21 Defendants John/Jane Doe. Dkt. 36. Plaintiff failed to respond to the directive and provide the

22 Court with names and addresses for Defendants John/Jane Doe.

23

24

1    Plaintiff has the general duty to prosecute his case. *Fidelity Philadelphia Trust Co. v.*

2 *Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Further, a court cannot

3 exercise jurisdiction over a defendant without proper service of process. *See Omni Capital Int'l,*

4 *Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Direct Mail Specialists, Inc. v. Eclat*

5 *Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir.1988) ("A federal court does not have

6 jurisdiction over a defendant unless the defendant has been served properly under Fed. R .Civ. P.

7 4"). Thus, when an IFP plaintiff fails to provide the Court with accurate and sufficient

8 information to effect service of the summons and complaint, it is appropriate for the Court to *sua*

9 *sponte* dismiss the unserved defendant. *Walker*, 14 F.3d at 1421-22 (*quoting Puett v. Blanford*,

10 912 F.2d 270, 275 (9th Cir. 1990), *abrogated on other grounds by Sandin v. Connor*, 515 U.S.

11 472 (1995)).

12    Plaintiff has failed to provide the Court with the names and addresses for Defendants

13 John/Jane Doe. Therefore, the Court has been unable to effect service on these Defendants.

14 Further, as Plaintiff does not have a liberty interest in early release to community custody,

15 Plaintiff has failed to show Defendants John/Jane Doe violated his Eighth or Fourteenth

16 Amendment rights. *See* Sections I, II, *supra*. Accordingly, the Court recommends Defendants

17 John/Jane Doe be dismissed from this action.

18                                    **CONCLUSION**

19    Based on the foregoing, the undersigned recommends Defendants' Motion for Summary

20 Judgment be granted. The Court also recommends Defendants John/Jan Doe be dismissed and

21 this case be closed. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall

22 have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R.

23 Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de*

24

1   *novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

2   imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

3   February 10, 2017, as noted in the caption.

4         Dated this 24th day of January, 2017.

5

6                                          _____

7                                          David W. Christel
                                           United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24